petitioner be dismissed and by substituting therefor a provision that he be deemed suspended for a period of two months from the close of business on May 14, 1957, with further provision for payment of salary from July 14, 1957 to the date of his return to duty, less what he may have earned in the interim, with the following memorandum: In our opinion, the measure of punishment inflicted was excessive (Civ. Prac. Act, § 1296, subd. 5-a), in view of the fact that opportunities for errors and omissions concededly were intrinsic in the nature of the work performed by the petitioner, and in view of the fact that no criminal or malevolent intention to defraud was established.

■ In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Respondents, Relative to Acquiring Title to Real Estate for the City of New York, in the Counties of Sullivan and Orange. ELIAS H. JACOBS et al., as Commissioners of Appraisal, et al., Appellants.— Appeal from an order amending a prior ex parte order extending the terms of office of commissioners of appraisal. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Appellants, Relative to Acquiring Title to Real Estate for the City of New York, in the Counties of Sullivan and Orange. HENRY NEILSON et al., Respondents.— Appeal from an order which (a) directed the filing of an amended taking map so as to separately number and delineate the respective parcels of land involved and so as to show the extent of the interest or easement sought to be acquired with regard to each such parcel, (b) directed the board of water supply of the City of New York to give due notice to all interested parties or their attorneys as to where their respective claims shall be filed, and (c) decreed that the Statute of Limitations contained in the Administrative Code of the City of New York has been tolled by reason of the insufficiency of the prior notice to the respective interested parties. Order reversed, without costs, and motion denied. In our opinion the taking map is adequate and the notice is sufficient. The taking map is adequate if the extent and manner of delineation thereon comply with the Administrative Code. With respect to such map the Administrative Code (§ K41-5.0) requires only (1) that "the property division lines existing at the time of the survey shall be delineated", (2) that "there shall be plainly indicated those parcels of which the fee * * * is to be acquired", and (3) that there shall be similarly indicated those parcels over or through which a temporary or perpetual easement or right of user is to be acquired. The map here appears to comply with these practical statutory requirements. The city should not be compelled to search out and discover the boundaries of all other parcels which might be affected but which are beyond or outside the boundaries of the parcels as to which a fee or easement is to be acquired by the city. It would impose an undue burden upon the city to obligate it to discover and to delineate upon its map all such other "outside" parcels. Hence, as to such outside and unmapped parcels, the burden is properly cast upon their owners to assert their claims if they believe their parcels to be adversely affected by the condemnation proceeding (Administrative Code, § K41-44.0). For the same reasons the notice of the proceeding given by advertising and posting to such owners must be deemed sufficient. As the notice given is sufficient, it was error to hold that the Statute of Limitations prescribed by section K41-18.0 of the Administrative Code has been tolled because of the insufficiency of such notice. In any event, the determination as to the applicability of the Statute of Limitations with respect to each potential claim, must await its actual filing and rejection, and the determination must